IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KEVIN GLENN THOMPSON,**

        Petitioner,

     v.                                **CIVIL ACTION NO. 2:05CV2**
                                                **(Judge Maxwell)**

**JAMES IELAPI, Warden,**

        Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. INTRODUCTION

On January 6, 2005, the pro se petitioner, Kevin Glenn Thompson, filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. By Order entered on February 14, 2005, the Court ordered the respondent to file a response to the petition. On March 17, 2005, the respondent filed a Motion to Dismiss Petition as Untimely Filed and Memorandum in Support Thereof. On April 13, 2005, the petitioner filed a response to the motion to dismiss.

This matter, which is pending before me for initial review and report and recommendation pursuant to pursuant to LR PL P 83.09, is ripe for review.

### II. PROCEDURAL HISTORY

On September 12, 2001, the petitioner was convicted by a jury for the Circuit Court of Pendleton County of one count of delivery of a controlled substance and one count of possession with the intent to deliver a controlled substance. On October 1, 2001, the petitioner was sentenced to two consecutive 2-5 year terms of imprisonment. The petitioner filed a petition for appeal from his conviction and sentence. The West Virginia Supreme Court refused the petition for appeal on February 13, 2003.

On May 12, 2004, the petitioner filed a petition for writ of habeas corpus under the original jurisdiction of the West Virginia Supreme Court of Appeals. On October 22, 2004, the petition was refused.

Then, on January 6, 2005, the petitioner filed a §2254 petition.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[1]

Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

2

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The petitioner does not contend that the state impeded his filing a §2254 petition, that he is relying on a new rule of constitutional law made retroactive to cases on collateral review, or that he recently discovered the factual predicate of his claims. Thus, subsection one, the date his conviction became final governs the determination of whether the petitioner's §2254 petition was timely filed.

The petitioner filed a direct appeal which was refused on February 13, 2003. He did not file a petition for writ of certiorari. If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so--90 days--has elapsed. Braxton, 277 F. 3d at 705. Thus, the petitioner's conviction became final on May 14, 2003, and he had until May 14, 2004, to file a §2254 petition. The statute of limitations began on May 15, 2003, and ran until May 12, 2004, when he filed a habeas petition under the original jurisdiction of the West Virginia Supreme Court of Appeals. Thus, the statute of limitations ran for 363 days. The statute of limitations was tolled until October 22, 2004, when the Supreme Court denied his habeas petition. The statute of limitations restarted on October 23, 2004, and ran until it expired on October 24, 2004. Thus, the petitioner's §2254 petition filed on January 6, 2005 is untimely.

However, the time limit to file a §2254 petition is a statute of limitations; therefore, it is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'

3

Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

The petitioner sets forth no grounds with justify equitably tolling the statute of limitations. Thus, the petition should be dismissed as untimely.

## IV. RECOMMENDATION

It is recommended that respondent's Motion to Dismiss be GRANTED and that the petition of Kevin Glenn Thompson filed pursuant to 28 U.S.C. §2254 be DENIED and DISMISSED WITH PREJUDICE because the petition is untimely.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[2]

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

*pro se* petitioner and the West Virginia Attorney General.

---

[2] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Dated: August 23, 2005

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**